COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-010-CR

 

 

MICHAEL JACKSON                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Michael Jackson entered an open plea of
guilty to robbery.  The trial court found
him guilty and assessed twelve years=
confinement as punishment.[2]








Jackson=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967).  Jackson was
given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).  Because Jackson
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Jackson=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty pleas. 
See Monreal v. State, 99 S.W.3d 615, 620, 622 (Tex. Crim. App.
2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).








We have carefully reviewed the record, including
the exhibits presented at punishment, the sealed presentence investigation
report, and counsel=s brief, and we note a single
clerical error:  Jackson was indicted for
robbery by threat, and his written plea admonishments reflect that he was
charged with robbery by threat, but the judgment states that he was convicted
of robbery causing bodily injury. 
However, we otherwise agree with counsel that the appeal is wholly
frivolous and without merit, and we find nothing in the record that might
arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).

Because an appellate court has the power to
correct a trial court=s written judgment if it has the
information necessary to do so, we modify the trial court=s
judgment to reflect Jackson=s actual
conviction for robbery by threat.  See
Tex. R. App. P. 43.2(b); French v. State, 830 S.W.2d 607, 609 (Tex. Crim.
App. 1992); see also Bray v. State, 179 S.W.3d 725, 726 (Tex. App.CFort
Worth 2005, no pet.) (holding that an appellate court has the authority to
reform a judgment in an Anders appeal and to affirm that judgment as
reformed).  We grant counsel=s motion
to withdraw and affirm the trial court=s
judgment as modified.

PER
CURIAM

 

PANEL: MCCOY, LIVINGSTON,
and DAUPHINOT, JJ. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]The punishment range for
robbery is two to twenty years= confinement and up to a $10,000 fine.  See Tex. Penal Code Ann. '' 12.33, 29.02 (Vernon
2003).